UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN CLINE** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-122** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION I** |

# ORDER

Before the Court is a motion[1] by plaintiff to compel appraisal. Defendant, State Farm Fire and Casualty Company ("State Farm"), has filed an opposition,[2] to which plaintiff has filed a reply.[3]

Plaintiff seeks to compel State Farm to submit to the appraisal process set forth in the insurance policy.[4] That policy provides that, if there is a disagreement as to the amount of loss, either party can issue a written "demand that the amount of loss be set by appraisal."[5] Once such a demand is issued, each party must select a "competent, disinterested appraiser,"[6] and the two appraisers will "select a competent, impartial umpire."[7] If the two appraisers cannot reach an agreement, their dispute is ultimately submitted to the umpire.[8]

---

[1] R. Doc. No. 5.

[2] R. Doc. No. 12.

[3] R. Doc. No. 21.

[4] R. Doc. No. 5, at 1.

[5] R. Doc. No. 12-2, at 2.

[6] R. Doc. No. 12-2, at 2.

[7] R. Doc. No. 12-2, at 2.

[8] R. Doc. No. 12-2, at 2. If the appraisers cannot agree on an umpire, either party can request that the Court select one. *Id.*

-1-

Plaintiff issued her written demand on August 29, 2012, and simultaneously appointed Mark Clemons as her appraiser.[9] State Farm contends that Mr. Clemons is not disinterested because he "is presently acting as an adverse expert witness to State Farm" in other cases.[10] Moreover, Mr. Clemons has been hired by the same firm retained by plaintiff to represent plaintiffs in other cases.[11] Accordingly, State Farm's challenge is essentially to Mr. Clemons' relationship with the law firm employed by plaintiff.[12]

"[W]here a party challenges the use of a particular appraiser, evidence must be presented showing that the appraiser's honesty or integrity is suspect." *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393*, 91 So. 3d 397, 402 (La. App. 5th Cir. 2012). State Farm has come forward with no such evidence. Moreover, State Farm has not identified authority supporting the proposition that an appraiser's relationship with a party's attorney, rather than with the party herself, is sufficient to make the requisite showing. The cases on which State Farm relies involve challenges to an appraiser's relationship with a party—not an appraiser's relationship with a party's attorney. *See, e.g.*, *Gebers v. State Farm Gen. Ins. Co.*, 45 Cal. Rptr. 2d 725, 728 (Cal. App. 4th 1995) ("[T]he appraiser selected by State Farm was currently retained by State Farm as an expert witness in two pending court actions.").

Accordingly,

---

[9]R. Doc. No. 5-4, at 1.

[10]R. Doc. No. 12, at 1-2.

[11]R. Doc. No. 12, at 3.

[12]State Farm frames the question as "whether an individual so tied to the litigation fortunes of a firm's insurance docket can be deemed a disinterested appraiser in another of the firm's cases." *See* R. Doc. No. 12, at 4.

**IT IS ORDERED** that the motion to compel is **GRANTED IN PART** and that the parties shall proceed with the appraisal process. Insofar as State Farm objects to plaintiff's choice of appraiser, that objection is **OVERRULED**.

**IT IS FURTHER ORDERED** that the motion to compel is **DISMISSED WITHOUT PREJUDICE** in all other respects. Insofar as plaintiff seeks the appointment of an umpire, that request is premature because the two appraisers have not yet had an opportunity to select one.[13]

New Orleans, Louisiana, May 13, 2014.

                                    **LANCE M. AFRICK**
                       **UNITED STATES DISTRICT JUDGE**

---

[13] *See* R. Doc. No. 12-2, at 2. State Farm has selected its appraiser. *See* R. Doc. No. 12, at 7.